THE INCORPORATED VILLAGE OF PUT-IN-BAY, OHIO, v. THOS. E. WEBB ET AL.

1. ENJOINING THE USE OF PROPERTY SOUGHT TO BE APPROPRIATED.

Where plaintiff, a municipal corporation, seeks to enjoin a party from cutting trees on certain lands, which plaintiff alleges in its petition it has commenced proceedings in the common pleas court to appropriate under a statute giving it that power, and defendant answered denying the allegations

in the petition and also set up a cross-petition asking for a counter injunction enjoining plaintiffs from prosecuting their aforesaid appropriation proceedings: *Held*, that the defendants could not maintain a cross-petition enjoining the plaintiffs in the court of common pleas from prosecuting another suit in the same court for any reasons or grounds which might have been set up as a defense to the appropriation proceedings.

2. APPROPRIATION OF PROPERTY BY A MUNICIPAL CORPORATION FOR PARK PURPOSES.

Where a municipal corporation has commenced appropriation proceedings of land for park purposes, which proceedings are instituted under the provisions of section 2232 as amended, (91 O. L., 213,) relating to the appropriation of land, in such case: *Held*, that it is not necessary for the clerk of the corporation to file, before appropriation proceedings are commenced, a certificate showing that the money required to be paid out for the appropriation of the land in question was then in the treasury to the credit of a fund for that purpose.

KING, J.

The case of the *Village of Put-in-Bay* v. *Thos. E. Webb et al.*, in a case appealed from the court of common pleas and was brought by the plaintiffs to enjoin the defendants from cutting trees on certain lands. It is alleged in the petition that the plaintiff had then commenced proceedings in the common pleas court to appropriate these lands under a statute which it is claimed gave them that power. The defendant answered and denied the allegations of the petition except in so far it stated that the trees were old and decayed and that it was necessary to cut them for the protection of people who went through and among them. And also set up what it termed a cross-petition and asked for a counter injunction enjoining the plaintiffs from prosecuting their aforesaid appropriation proceeding. We passed upon some of the claims made in that cross-petition in the error case and so far as that decision determines those questions, it is unnecessary to say anything about them now.

As to the other claims in the cross-petition, we hold they could not be maintained, the defendants could not maintain a cross-petition enjoining the parties in the court of common pleas from prosecuting another suit in the same court for any reasons or grounds which might have been set up as a defense to the appropriation proceedings.

There is but one question left. It is alleged in the cross-petition that when the appropriation proceedings were commenced, or rather when the resolution or ordinance was passed, to commence the appropriation proceedings, that there was no certificate on file—a certificate of the clerk of the corporation showing that the money required to be paid out for the appropriation of the land in question was then in the treasury to the credit of a fund for that purpose. That question has been argued. It is conceded that there was no such certificate, and, in argument, that there was no money in the treasury. The proceeding was to appropriate land for park purposes and it was instituted under the provisions of the statute relating to the appropriation of land in such cases. The section authorizing the appropriation is section 2232, as amended and found in 91 O. L., 213. The provision relating to parks is:

"10. For public parks, after a notice of not less than thirty days given in two newspapers of opposite politics, if there be such published in said village or city, or in writing; and after the proposition to purchase and appropriate has been voted upon and approved by a majority of those voting upon the proposition; and for this purpose the right to appropriate shall not be limited to lands lying within the cor-

poration ; and after such affirmative vote the council shall have the right and power to issue the bonds of said village or city, in payment of the amount so fixed by the court by proceedings in condemnation as to the value of said property."

It is insisted under section 2702, which provides :

"No contract, agreement or other obligation involving the expenditure of money shall be entered into, nor shall any ordinance, resolution or order for the appropriation or expenditure of money, be passed by the council or by any board or officer of a municipal corporation, unless the auditor of the corporation, and if there is no auditor, the clerk thereof, shall first certify that the money required for the contract, agreement or other obligation, or to pay the appropriation or expenditure, is in the treasury to the credit of the fund from which it is to be drawn, and not appropriated for any other purpose"  * * *  that such certificate must appear before the ordinance is passed for the appropriation of property. We think on the whole, taking the statute in connection with 2702, as it stood before the commencement of these proceedings—that these statutes together give the right to a municipal corporation to commence proceedings to appropriate property for park purposes when there is not money in the treasury sufficient to pay the amount of the expenditure. That must be implied from paragraph 10 of section 2232—that after 'the amount is determined by a court or jury they are given the particular power to issue their bonds to pay the amount of the sum so fixed by the court, and certainly it could not be held that before they should have instituted proceedings at all for the appropriation of this property, that the clerk must certify that sufficient money is in the treasury. The two things could not exist together and be practicable. And this amendment passed in 1894 related to that particular subject, and does not conflict with section 2702, for to that special subject, section 2702 is inapplicable.

There seems to be but little in the authorities about appropriating property for street purposes ; there is a difference in the opinion of the circuit courts of the state, and the question does not seem to be directly determined by the Supreme Court of the state only in one decision. This refers to a question similar in character to the one at bar. I should say, however, that the weight of the Supreme decision, in the case of *Hubbard et al* v. *Norton et al.*, 28 O. S., 116, 122, is perhaps somewhat modified by the fact that it is based upon another law entirely—a special act passed for Cincinnati. This general act was not in force at the time of the special act and was not passed until 1876. The special act was passed in 1874 and immediately that case was instituted.

The court said that "the ordinance condemning land was an ordinance for the expenditure of money," and made that statement; that is all they say about it. For myself I don't believe it would be an ordinance for the appropriation of money, nor believe this resolution in this case is for the appropriation of money. It has no effect until carried into operation by appropriation proceedings, the verdict of a jury and the judgment of the court, and after the judgment of the court it has no binding effect until six months after—unless the corporation see fit to accept the property and pay the amount awarded by a jury, and then they must provide means of paying it. It seems to mean an absolute prohibition to municipal corporations to appropriate private property for park purposes if they were required to certify that they had sufficient money in the treasury to pay for such property. I do not see how they

could do it. If it must specify how much money is there, it is for the information of the council to enable them to know how far they can go in making the appropriation and expending money, and it being for their information it must express upon its face how much money there is in the treasury. It seems impossible that the legislature could authorize the issuing of bonds as in this case, and also require the certificate to be filed before the vote of the people is had.

Under the provisions of the statute it is provided that bonds may be issued, and they may be issued for this appropriation as well as for any other appropriation, and must be sold for not less than their par value and the proceeds be issued to pay the award; so we think the claim made in the cross-petition is not a ground for an injunction and must be dismissed.

We will make the order not a perpetual one, but a temporary one— an order enjoining the defendants from interfering with those trees or destroying them during the pendency of this suit and until it is determined whether the village shall appropriate this property and take it for park purposes by the case now pending in the common pleas court.

*L. W. Hull, E. G. Love* and *W. H. A. Reed*, Attorneys for Plaintiff.

*Scott, Stoll* and *Paul Jones*, Attorneys for Defendant.